IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SOCORRO REEVES,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA
and THE SECRETARY OF THE AIR FORCE,

    Defendants.           No. CIV-97-0902/LCS

## **PLAINTIFF'S REQUESTED FINDINGS OF FACT**
## **AND**
## **CONCLUSIONS OF LAW**

    Comes now the Plaintiff, by her counsel of record, and respectfully requests the Court to make the following findings of fact and conclusions of law:

    1.   This action is brought under 28 USC §§2671 et. seq. (the Federal Tort Claims Act), and 28 USC §1346 (b).

        GIVEN_____      REFUSED_____

    2.   On October 31, 1992, Plaintiff fell and injured her left elbow and knee while at work. She underwent physical therapy for fourteen treatments and thereafter continued to

improve until all symptoms from the fall resolved.

    3.    On June 17, 1994, Plaintiff Socorro Reeves, a military dependent, underwent a total abdominal hysterectomy, bilateral salpingo-oophorectomy, at Holloman Air Force Base, New Mexico. (Same as No. 1 of Mutually Approved F/F & C/L).

        GIVEN_____        REFUSED_____

    4.    Prior to the plaintiff's hospitalization on June 17, 1994, plaintiff had no signs or symptoms of any sensory problems involving her left leg, nor had she ever had numbness or tingling of the left leg.

        GIVEN_____        REFUSED_____

    5.    The operation was performed by Dr. Vickie S. Williams D.O., a qualified New Mexico Health Care provider, who was an independent contractor to the United States. (Same as No. 1 of Mutually Approved F/F & C/L).

        GIVEN_____        REFUSED_____

    6.    Following the operation, Socorro Reeves was placed under the care, custody, control and treatment of and by employees of the U.S.A.F., who at all times material to plaintiff's cause of action were acting within the scope and course of their employment with the U.S.A.F.

        GIVEN_____        REFUSED_____

    7.    While under the exclusive care, custody and control of the employees of the U.S.A.F., Socorro Reeves sustained an injury

to her sciatic nerve, causing symptoms which were diagnosed in various terms by her treating doctors as a sacral plexus, a left femoral nerve palsy, a lumbo-sacral plexopathy secondary to trauma, and/or a left femoral and peroneal neuropathy, all of which are part of or involve the sciatic nerve system.

    GIVEN_____  REFUSED_____

  8. Following the surgery, plaintiff received three intramuscular injections into the buttocks region on the 17th day of June, 1994, and three intramuscular injections into the buttocks region on the 18th day of June, 1994.

    GIVEN_____  REFUSED_____

  9. An intramuscular injection into the buttocks, if improperly/negligently given, can cause injury to the sciatic nerve.

    GIVEN_____  REFUSED_____

  10. The most probable cause of the injury to plaintiff's sciatic nerve was the result of an improper intramuscular injection(s) into plaintiff's buttocks by defendant's employee(s) on the 17th or 18th of June, 1994.

    GIVEN_____  REFUSED_____

  11. Plaintiff, while undergoing post-operative treatment, was under the exclusive care, custody and control of employees or servants of the U.S.A.F., during which time she sustained an injury to her sciatic nerve which would not ordinarily occur in

the absence of negligence.

        GIVEN_____       REFUSED_____

12. The negligence of defendant caused plaintiff to sustain damages which include hedonic damages, lost wages, a loss of wage earning ability, loss of household services, permanent impairment/disfigurement and resulting disability, caused her to incur medical and related expenses in the past and will cause her to require medical treatment and related expenses in the future, and has caused plaintiff pain and suffering, as well as emotional distress, in the past, and will cause pain and suffering in the future.

## REQUESTED CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter.

2. The type of injury which Socorro Reeves sustained while hospitalized at Holloman Air Force Base, New Mexico, is the type of injury which ordinarily would not occur in the absence of negligence.

3. During the period of time when the injury occurred plaintiff was under the exclusive care, custody and control of employees of the United States.

4. Socorro Reeves is entitled to recover all compensatory damages which she sustained against the United States.

## Certificate

I hereby certify that a true copy of the foregoing was mailed and transmitted via facsimile to opposing counsel on March 12, 1999.

>CHARLES W. DURRETT, P.C.,
>LISA K. DURRETT, P.C.
>
>By_____
>Charles W. Durrett
>307 11th Street - P. O. Box 760
>Alamogordo, New Mexico 88311-0760
>(505) 437-1840
>          And
>Gregory R. Kauffman
>320 Gold SW, Suite 1125
>Albuquerque, New Mexico 87102
>(505) 242-5297
>Attorneys for Plaintiff